UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

February 23, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Nos**. 02-4193, 03-1446 & 03-1270

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee*,

**v.**

OMAR FELICIANO, ALINA LIS, and JOSEPH MIEDZIANOWSKI,
 *Defendants-Appellants*.

Appeals from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 98 CR 923
Blanche M. Manning, *Judge*.

### Order

We remanded to the district judge under *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), so that she could tell us whether the additional discretion provided by *United States v. Booker*, 543 U.S. 220 (2005), would have affected the defendants' sentences.

The judge gave an affirmative answer with respect to Omar Feliciano and Alina Lis. Both of these defendants now seek full remands for resentencing, and the United States concedes that defendants are entitled to that relief. Accordingly, these sentences are vacated, and the cases are remanded for resentencing.

The judge concluded, however, that additional discretion would not have led to a lower sentence for Joseph Miedzianowski. We must decide, given this knowledge, whether his sentence is plain error--for Miedzianowski had not raised an argument in the district court concerning the allocation of fact-finding authority between judge and jury. We hold that plain error did not occur, because the sentence is not an unjust one. Although it is severe (life imprisonment), it is within the Guideline range, which remains the starting point and a presumptively reasonable disposition after *Booker*. See *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005).

The district court's memorandum on remand concluded that the severity, number, and duration of Miedzianowski's crimes, coupled with the fact that he committed these offenses while sworn to uphold the law as a police officer, justify the greatest non-capital sanction available. Miedzianowski does not contend that any of the statutory considerations, see 18 U.S.C. §3553(a), demonstrates that his sentence is unreasonable. Instead he devotes most of his memorandum to asking us to disregard the legal analysis adopted in *Mykytiuk*. We see no reason to do that.

The district judge did not address the §3553(a) factors at Miedzianowski's sentencing--understandably, as it occurred before *Booker*. But that does not turn a reasonable sentence into plain error; indeed, it would not be error as a rule even after *Booker*, as *United States v. Dean*, 414 F.3d 725 (7th Cir. 2005), holds. A judge should discuss on the record substantial arguments that a particular consideration calls for lenity, see *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), but Miedzianowski does not identify any argument that he made and the district judge ignored at his sentencing. And, to repeat, our review is limited to a search for plain error; in *Cunningham* the argument that succeeded on appeal had been preserved in the district court, where here it was not.

Miedzianowski's sentence is affirmed.