# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-4503

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTOPHER K.P. REUTER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 02-10011-09—**Joe Billy McDade**, *Judge*.

SUBMITTED AUGUST 23, 2006—DECIDED SEPTEMBER 19, 2006

Before BAUER, POSNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.    Christopher Reuter pleaded guilty to conspiracy to distribute illegal drugs. 21 U.S.C. §§ 841(b)(1)(A), 846. The maximum guidelines sentence for his offense would have been 105 months in prison had the judge not found at the sentencing hearing that Reuter had committed a murder in the course of the conspiracy. This finding (after the judge made various adjustments called for by the guidelines) raised Reuter's guidelines range to 360 to 480 months. The judge sentenced him to 360 months, and he appeals. His lawyer has filed an *Anders*

brief, arguing that there is no nonfrivolous ground for an appeal.

The lawyer is right even if, as his brief notes, the judge was required to find by "clear and convincing" evidence, not a mere preponderance, that Reuter had committed the murder. He had confessed and his confession had been amply corroborated.

The Third Circuit, picking up a hint in *McMillan v. Pennsylvania*, 477 U.S. 79, 88 (1986), had held in *United States v. Kikumura*, 918 F.2d 1084, 1100-01 (3d Cir. 1990), that proof by clear and convincing evidence is required when a finding will so lengthen the defendant's sentence as to make it a case of the tail (the judge's finding at the sentencing hearing) wagging the dog (the sentence that the evidence at trial, or as here the evidence supporting the guilty plea, would have warranted). We have occasionally indicated sympathy for this position, e.g., *United States v. Johnson*, 342 F.3d 731, 735-36 (7th Cir. 2003); *United States v. Smith*, 308 F.3d 726, 744-45 (7th Cir. 2002), as have other courts, see, e.g., *United States v. Anderson*, 243 F.3d 478, 485-86 (8th Cir. 2001), while never actually reversing a sentence on that ground, even though, as *Johnson* points out, we have upheld sentences with awfully high ratios of tail to torso. 342 F.3d at 736. (In *United States v. Rodriguez*, 67 F.3d 1312, 1323 (7th Cir. 1995), for example, the tail raised the defendant's sentence from 63 months to life.) In *United States v. Boos*, 329 F.3d 907, 909-10 (7th Cir. 2003), while stopping short of rejecting the *Kikumura* rule, we expressed skepticism about its validity and noted that in *United States v. Masters*, 978 F.2d 281, 286-87 (7th Cir. 1992), we had "castigat[ed]" the reasoning in *Kikumura*.

The debate has, we believe, been rendered academic by *United States v. Booker*, 543 U.S. 220, 264-65 (2005)—as the

Third Circuit, overruling *Kikumura*, has now held. *United States v. Grier*, 449 F.3d 558, 570 (3d Cir. 2006). In contrast, the Eighth Circuit, after *Booker* but before *Grier*, reaffirmed its adoption of the *Kikumura* rule, *United States v. Archuleta*, 412 F.3d 1003, 1007 (8th Cir. 2005), but without discussion beyond the summary statement that *Booker* had changed nothing; as usual in a *Kikumura* case, the court went on to find that the tail had not wagged the dog in the case before it. *Id*. at 1008.

With the guidelines no longer binding the sentencing judge, there is no need for courts of appeals to add epicycles to an already complex set of (merely) advisory guidelines by multiplying standards of proof. The judge is cabined, but also liberated, by the statutory sentencing factors. 28 U.S.C. § 3553(a); *United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005). Unlike the guidelines, they bind, but they are broad enough and loose enough to allow the judge to dip below the guidelines range if he is justifiably reluctant to impose a sentence most of which rests entirely on a finding of fact supported by a mere preponderance of the evidence (though in this case, to repeat, the evidence was overwhelming). Section 3553(a)(2)(A) includes among the factors to be considered in sentencing "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." A judge might reasonably conclude that a sentence based almost entirely on evidence that satisfied only the normal civil standard of proof would be unlikely to promote respect for the law or provide just punishment for the offense of conviction. That would be a judgment for the sentencing judge to make and we would uphold it so long as it was reasonable in the circumstances. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

The motion of the defendant's lawyer to withdraw is granted and the appeal is dismissed.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*