In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-4049

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DEWAN ANTHONY HORNE,

*Defendant-Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 05 CR 032—**David F. Hamilton**, *Judge*.

_____

ARGUED DECEMBER 8, 2006—DECIDED FEBRUARY 5, 2007

_____

Before EASTERBROOK, *Chief Judge*, and POSNER and RIPPLE, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant advertised ficti-
tious vintage cars on eBay. If a person interested in such
cars saw the ad and communicated with the defendant and
they struck a deal, the defendant would offer him the
option of coming to Indianapolis to pick up the car and
pay for it on the spot in cash or the equivalent. With the
aid of a gun-toting accomplice the defendant would
then try to rob the car buff of the cash and anything else
of value; in the only completed robbery, the take in-
cluded the navigation system in the victims' truck. A jury

convicted the defendant of violating, conspiring to violate, and attempting to violate the Hobbs Act, 18 U.S.C. § 1951(a), which so far as bears on this case makes robbery that "in any way or degree obstructs, delays, or affects commerce" a federal crime, and also of using a gun in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The judge imposed sentences of 112 months for the Hobbs Act violations and 84 months for the gun violation, for a total of 196 months.

The defendant argues that his crimes, since they all occurred in Indianapolis in face-to-face encounters with his victims and no car or cash or any other object was transported across state lines, did not affect interstate commerce. This ignores the fact that eBay, the online auction site, is an avenue of interstate commerce, like an interstate highway or long-distance telephone service. The people who buy and sell through eBay are scattered around the world—indeed most of the vehicle sales made through eBay are interstate or international. Claire Atkinson, "eBay Motors—A Viable Remarketing Option for Fleet?," *Automotive Fleet*, Sept. 2006, at www.fleet-central.com/af/t_inside.cfm?action=article_pick&storyID=985, visited Jan. 16, 2007; Edmunds.com, "Buying and Selling Cars on eBay," at www.whydowork.com/resources/articles/selling-a-car-on-ebay.php, visited Dec. 29, 2006; eBizAutos, "eBay Motors Marketing," at http://dealers.ebizautos.com/features/ebay_motors.cfm, visited Dec. 29, 2006. The Internet, which is the communication channel that people use in transacting through eBay, crosses state and indeed international boundaries, and the buy and sell offers communicated over it in this case created interstate transactions and were affected by the defendant's fraud. See *United States v. Sullivan*, 451

F.3d 884, 890-91 (D.C. Cir. 2006); *United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006); *United States v. MacEwan*, 445 F.3d 237, 244-46 and n. 8 (3d Cir. 2006); *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004); *ACLU v. Johnson*, 194 F.3d 1149, 1161 n. 9 (10th Cir. 1999). The government thus had no need to argue that the defendant had several victims rather than one, that they traveled from other states, and that they carried their money across state lines.

The defendant further argues that it was unconstitutional for the district judge, in deciding how severely to punish him, to take account of the gun charge of which he was acquitted. He was convicted with respect to the gun used in the completed robbery but acquitted with respect to the gun used in an attempted robbery. The judge used the latter charge, which he ruled had been proved by a preponderance of the evidence albeit not by proof beyond a reasonable doubt, to increase the defendant's sentencing range.

The defendant's argument is wrong. E.g., *United States v. Price*, 418 F.3d 771, 787-88 and n. 7 (7th Cir. 2005); *United States v. Dorcely*, 454 F.3d 366, 371-73 (D.C. Cir. 2006). All an acquittal means is that the trier of fact, whether judge or jury, did not think the government had proved its case beyond a reasonable doubt. The facts that a sentencing judge finds in determining what sentence to impose—such facts as the defendant's criminal history, his cooperation or lack thereof in the government's investigation, and his remorse or lack thereof—need be found only by a preponderance of the evidence, the normal civil standard. This has been the rule since before the guidelines, *United States v. Watts*, 519 U.S. 148 (1997) (per curiam); *McMillan v. Pennsylvania*, 477 U.S. 79, 91-93

(1986); *United States v. Masters*, 978 F.2d 281, 286-87 (7th Cir. 1992); *United States v. Gooden*, 892 F.2d 725, 728 (8th Cir. 1989); see also 18 U.S.C. § 3661, and its constitutionality was affirmed by the Supreme Court in the *McMillan* case. It is inconsistent with giving controlling weight at the sentencing phase to an acquittal of one or some of the charges that were before the jury. You can think it slightly more likely than not that a defendant committed some crime without thinking it *so* much more likely that you would vote to convict him.

An inference that the jury found the defendant to be actually innocent of the gun charge would be particularly far-fetched because there is no doubt that his accomplice brandished a gun during the attempted robbery in question. The judge thought the acquittal was due to the fact that the jury had learned from the cross-examination of one of the defendant's accomplices that to convict the defendant of a second gun charge would subject him to a 25-year mandatory minimum sentence.

This is not a case in which a jury convicts a defendant of one very minor crime and acquits him of the serious crimes with which he was charged, and the judge then bases the sentence almost entirely on those crimes. We pointed out in *United States v. Reuter*, 463 F.3d 792, 793 (7th Cir. 2006), that 18 U.S.C. § "3553(a)(2)(A) includes among the factors to be considered in sentencing 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.' A judge might reasonably conclude that a sentence based almost entirely on evidence that satisfied only the normal civil standard of proof would be unlikely to promote respect for the law or provide just punishment for the offense of conviction.

That would be a judgment for the sentencing judge to make and we would uphold it so long as it was reasonable in the circumstances." The judge in this case used the gun charge of which the defendant had been acquitted to increase the guidelines range for the Hobbs Act charges to 97 to 121 months from 51 to 63 months, and sentenced him to 112 months. Supposing that without this enhancement the judge would have sentenced him to 57 months (the midpoint of the lower guidelines range), the difference is 55 months. This is considerable, but less than half the sentence.

Nor does the fact that some district judges, unlike the judge in this case, are refusing to take account of conduct of which the defendant is acquitted in determining his sentence create "unwarranted sentence disparities" of which our defendant can take advantage in arguing that his sentence is unreasonable. 18 U.S.C. § 3553(a)(6). Those judges are mistaken if they think they're barred from considering such conduct. If there are unwarranted disparities as a result, it is the government that should be complaining, not a defendant who was properly sentenced, as was the defendant in this case. Nor would the existence of unwarranted disparities imply, as the defendant believes, that all future sentences would have to be leveled down to the most lenient sentences that had been given in the past. Then a handful of judges—the most lenient— would control sentencing nationwide.

It may seem questionable for the judge to have used the gun charge on which the defendant was acquitted to enhance the sentence for violating the Hobbs Act rather than the sentence for using a gun. But section 2B3.1(b)(2) of the guidelines specifies a six-level enhancement (the enhancement that the judge imposed in order

to increase the guidelines range as he did) when a gun is used, though not fired, in the course of a bank robbery or attempted bank robbery; there isn't a guidelines provision for enhancing a mandatory minimum sentence under section 924(c) on the basis of a second illegal use of a gun.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*