NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 2, 2007*
Decided March 12, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| **No**. 06-3959 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | |
| ALINA LIS, *Defendant-Appellant*. | No. 98 CR 923 Blanche M. Manning, *Judge*. |

**Order**

We affirmed Lis's conviction but remanded under *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), so that the district judge could tell us whether the additional discretion provided by *United States v. Booker*, 543 U.S. 220 (2005), would have affected the sentence. *United States v. Feliciano*, No. 02-4193 (7th Cir. June 16, 2005). The district judge's affirmative answer led to a remand for full resentencing. *United States v. Feliciano*, No. 02-4193 (7th Cir. Feb. 23, 2006).

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The range for Lis under the Sentencing Guidelines is 360 months to life in prison. On remand, the district judge resentenced Lis to 240 months, a substantial reduction from the previous sentence of 360 months and 10 years below the bottom of the range.

Lis has filed another appeal to contend that even 240 months is unreasonably high. Lis does not contend, however, that the district judge failed to appreciate any factor that properly influences a sentence after *Booker*. Instead the argument appears to be that the district judge erred in failing to recalculate the range under the Guidelines. That argument is difficult to grasp, as the range had been calculated earlier and was subject to review on the initial appeal. There was no need to start from scratch. The only argument counsel made on this score in the district court is that judges are not entitled to make findings of fact, or add levels, independent of the jury's verdict. That argument is frivolous. The remedial portion of *Booker* holds that district judges are entitled to make findings provided that the Guidelines are advisory--which *Booker* made them. See *United States v. Rueter*, 463 F.3d 792 (7th Cir. 2006).

A sentence of 240 months is not unreasonably high for Lis's crime. See *United States v. Bullion*, 466 F.3d 574 (7th Cir. 2006).

AFFIRMED