NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 22, 2007[1]
Decided June 28, 2007

***Before***

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff-Appellee,<br><br>No. 06-4089　　　　　v.<br><br>JOSE R. VEGA,<br>　　　Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Eastern District of<br>] Wisconsin.<br>]<br>] No. 03 CR 118<br>]<br>] Rudolph T. Randa,<br>] 　　Chief Judge. |

**O R D E R**

Following his conviction for distribution of heroin in violation of 21 U.S.C. § 841(a)(1), Jose Vega was sentenced in March of 2004 to 180 months' imprisonment. He appealed his sentence, but we suspended proceedings in Vega's appeal pending the Supreme Court's *Booker* decision. See *United States v. Booker*, 543 U.S. 220

---

1.　　This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

- over

(2005).  Eventually, after input from the parties and the district judge, we vacated the sentence, concluding that it was necessary to resentence Vega consistent with post-*Booker* standards.  See *United States v. Vega*, No. 04-1803 (7th Cir. December 20, 2005) (unpublished order).  The district judge then held a resentencing hearing at which he heard from counsel and the defendant.  Over the government's objection, the district judge imposed a sentence of 165 months.

Vega now appeals the new sentence, but his court-appointed attorney wants to withdraw because he cannot discern a non-frivolous basis for appeal.  See *Anders v. California*, 386 U.S. 738 (1967).  We invited Vega to respond to his attorney's motion, see Cir. R. 51(b), but no response was filed.  We therefore confine our review of the record to the potential issues raised in counsel's facially-adequate brief.  See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The district judge determined that Vega was accountable for more than the drugs that comprised the offense of conviction, significantly increasing Vega's base offense level.  He was entitled to do so.  A district judge is permitted to make findings of fact concerning drug quantity independent of the jury's verdict.  As counsel's *Anders* brief points out, any argument to the contrary on this score is a nonstarter.  The remedial portion of *Booker* holds that a sentencing judge is entitled to make findings in order to calculate the guideline range provided that the guidelines are advisory – which *Booker* made them.  See *United States v. Rueter*, 463 F.3d 792 (7th Cir. 2006).

At resentencing, the district judge again determined Vega's guideline range to be 151 to 188 months, but he lowered the sentence to 165 months.  We agree with Vega's attorney that any challenge to the reasonableness of the new, lower prison sentence would be frivolous.  The district judge listened to Vega's arguments for a sentence below the advisory guidelines range and gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a).  See *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).  Counsel is unable to articulate any basis for arguing that the sentence imposed is unreasonable, and he correctly points out that the district judge adequately explained Vega's within-range sentence.  See *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

We therefore AFFIRM Vega's 165-month sentence.  The motion to withdraw is GRANTED, and the appeal is DISMISSED.