NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 23, 2008
Decided February 6, 2008

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, Circuit Judge

No. 07-1678

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the |
| | Southern District of Illinois. |
| *v.* | |
| | No. 04-30144 |
| VICTOR WILEY, | |
| *Defendant-Appellant.* | David R. Herndon, *Chief Judge*. |

**O R D E R**

Victor Wiley was charged in an indictment with one count of being a felon in possession of a firearm and one count of possessing cocaine base with intent to distribute. He pled guilty to the felon in possession charge and went to trial, before a jury, on the drug charge. The jury trial ended in an acquittal.

Prior to sentencing, a presentence investigation report was prepared. Among other things, it reported that Wiley had been living with his girlfriend, Tonia Perkins, and that he was abusive toward her. It noted that on July 26, 2004, Wiley and Perkins argued, and he eventually held her captive against her will by threatening physical violence. Eventually, Perkins' aunt, Diana Smith, got wind of what was going on, so she went to Wiley's house. When she got there, Perkins was screaming, but Wiley refused to let her leave. Then, when Smith demanded entry into the house, Wiley went to the front door with a shotgun and told her to leave. Perkins then approached the door and was able to push her way out with Smith's assistance.

Perkins called the police to report Wiley's conduct. The police responded and conducted a search of Wiley's home, who was not there. They found a shotgun and ammunition. The shotgun led to the felon in possession charge.

Wiley was later arrested in a bedroom at his friend's house, and officers found drugs and money in that bedroom. The drugs--crack cocaine--formed the basis of the possession charge which was the subject of the trial during which Wiley was acquitted. State charges of domestic assault growing out of the matter with Ms. Perkins were also filed, but they were subsequently dismissed.

The PSR recommended that Wiley's base offense level of 24 be increased by 4 levels (pursuant to U.S.S.G. § 2K2.1(b)(6)) because the shotgun was used in connection with another felony offense. It also recommended a 2-level reduction for acceptance of responsibility. With a high (level VI) criminal history, the advisory guideline sentence range in the PSR came in at (for level 26) 120 to 150 months. The statutory maximum sentence for the felon in possession conviction was 120 months.

Wiley objected to the 4-level enhancement of his base offense level. He argued that, since the State of Illinois dismissed the domestic assault charge against him, the facts of the incident could not be used to jack up his guideline range.

At the sentencing hearing, Wiley reiterated his objection to the PSR. His counsel, however, correctly conceded that the law did not support his argument.

The district court (Judge David R. Herndon) considered Ms. Smith's testimony from a hearing on Wiley's motion to suppress during which she described in detail the events when she went to Wiley's house and heard Perkins screaming. She detailed how Wiley raised a shotgun to her face. She said he also pumped it for emphasis. Perkins, Smith explained, was trapped inside, and Wiley held the gun as he told Perkins she was not free to leave.

Judge Herndon went on to find that he had "credible testimony . . . that [Wiley] clearly used the gun in connection with the restraint of Ms. Perkins at that time." The judge also correctly noted that he was not bound to consider only charged conduct in making a determination:

> I think, Mr. Wiley – you know, [defense counsel] just has nothing to work with here. The evidence is so clear that – and I understand your logic. Your logic is, you know, you look at some version of common sense and you think to yourself, *well, shoot, if they didn't charge me with it, they didn't – they dismissed their case, they didn't convict me of it, therefore, there's no felony there. It's not on the books, it's not pending, it's not something they*

> *tagged me with.  I didn't catch it, didn't catch that case* to use
> street language, *I can't be guilty of it*.  Under the federal system,
> that doesn't matter.  If the conduct meets the test of unlawful
> felonious restraint, then that's all it takes.  And clearly this
> conduct, as described, as I said, in a credible manner by Ms. Smith,
> that's it.

With that, the court overruled Wiley's objection and applied the 4-level enhancement as recommended in the PSR.  A term of 120 months, the statutory maximum (recall, the guideline range was 120 to 150 months), was imposed.

Wiley now appeals his sentence, arguing that the consideration of conduct for which he was not convicted by a jury is violative of his Sixth Amendment rights.  Without the 4-level enhancement he received, Wiley's sentence might have topped off at 105 months (the guideline range would have been 84 to 105).  But of course, with the guidelines being only advisory, Wiley's sentence could still have been 120 months without regard to the 4-level enhancement.

The law, as Wiley's excellent court-appointed counsel[1] concedes, is squarely against the position he is advocating.  It is well-established that the Sixth Amendment is not violated where a trial court considers acquitted conduct (and other conduct not resulting in a conviction) when making sentencing determinations.  United States v. Hurn, 496 F.3d 784, 788 (7th Cir. 2007); United States v. Horne, 474 F.3d 1004, 1006 (7th Cir. 2007).

Wiley's argument is best viewed as an effort to preserve the issue in the event that our cases, or new dictates from the Supreme Court, move the law in a different direction.  His argument is preserved, but that is all he can come away with this appeal.  Judge Herndon was permitted to credit the statements of Ms. Smith and consider the drug matters, if in fact he did so, when fashioning Wiley's sentence.  We hedge on the last point because it is not clear to us that he actually considered the drug possession matter when fashioning Wiley's sentence.

For these reasons, the judgment of the district court is AFFIRMED.

---

[1]  John Drury, of the Milwaukee firm of Quarles and Brady.