NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008
Decided December 16, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1999

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | 06-CR-342 |
| DANIEL PLACIDO-SANTOS, | |
| *Defendant-Appellant*. | Lynn Adelman, |
| | *Judge*. |

**O R D E R**

Daniel Placido-Santos pleaded not guilty to conspiring to distribute more than five kilograms of cocaine. *See* 21 U.S.C. § 841, 846. The jury found Placido-Santos guilty of possessing at least 500 grams of cocaine, but on the verdict form it specifically declined to hold him responsible for possessing at least five kilograms of cocaine. Nevertheless, at sentencing the district court found by a preponderance of the evidence that Placido-Santos possessed at least five kilograms of cocaine, and sentenced him to 120 months' imprisonment. Placido-Santos filed a notice of appeal, but his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Placido-Santos did not respond to our invitation under Circuit Rule 51(b) to comment on counsel's

submission.  We limit our review to the potential issues identified in counsel's brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At trial, the following evidence was presented regarding the amount of drugs that Placido-Santos possessed and his involvement in the drug trade.  One of Placido-Santos's buyers, Francisco Pedroza, who cooperated with police after they seized drugs from his house, testified that between October 2006 and December 2006, Placido-Santos delivered to him, on behalf of his supplier, five to seven kilograms of cocaine, as well as large quantities of marijuana.  Drug negotiations between Pedroza and Placido-Santos were captured on recordings, testified a DEA agent; moreover, shortly after his arrest, the agent added, Placido-Santos admitted to dealing drugs with Pedroza.  Placido-Santos denied talking to Pedroza about drugs, or otherwise admitting to drug dealing at all.

At sentencing, the court credited the trial testimony establishing that Placido-Santos possessed at least five kilograms of cocaine and assigned him a base offense level of 32.  *See* U.S.S.G. § 2D1.1(c)(4).  A two-level upward adjustment for Placido-Santos's untruthful testimony increased his total offense level to 34, *see* id. § 3C1.1, yielding (for someone like him with no criminal history) an imprisonment range of 151-188 months.  The court sentenced Placido-Santos to 120 months, the statutory minimum for possessing at least five kilograms of cocaine, *see* 21 U.S.C. § 841(b)(1)(A), and well below the 480-month statutory maximum for possessing the 500 grams as found by the jury, *see* id. § 841(b)(1)(B).  Had the court sustained Placido-Santos's objection to the drug amount, his statutory minimum would have been only 60 months.  *See* id.

Counsel considers raising only one argument on appeal—that the district court should not have held Placido-Santos responsible for possessing an amount of cocaine (at least five kilograms) of which the jury specifically declined to find him guilty.  We would review this argument de novo because counsel objected at sentencing to the district court's ruling.  *See United States v. Woolsey*, 535 F.3d 540, 549 (7th Cir. 2008).

As counsel recognizes, Placido-Santos was sentenced well below the statutory maximum, 480 months, for the quantity (500 grams) of which the jury found him responsible.  *See* 21 U.S.C. § 841(b)(1)(B).  Accordingly, his 120-month sentence did not exceed the prescribed statutory maximum and did not violate the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See United States v. Clark*, 538 F.3d 803, 811-812 (7th Cir. 2008); *United States v. Hernandez*, 330 F.3d 964, 980-81 (7th Cir. 2003).  As long as the district court respects the maximum sentence for the crime of which the defendant has been found guilty, the court, in determining a defendant's relevant conduct under U.S.S.G. § 1B1.3, *may* consider conduct of which the defendant has been acquitted.  *United States v. Watts*, 519 U.S. 148, 154 (1997) (per curium); *United States v. Hurn*, 496 F.3d 784, 788 (7th Cir. 2007); *United*

*States v. Horne*, 474 F.3d 1004, 1006 (7th Cir. 2007). Conduct underlying an acquitted charge may be considered as relevant conduct as long as it is proved by a mere preponderance of the evidence (as opposed to evidence that is "clear and convincing"). *See Hurn*, 496 F.3d at 788; *Horne*, 474 F.3d at 1006.

Further, this is not a case raising possible due process concerns such as when a defendant's sentence is based "almost entirely" on acquitted conduct, *see Hurn*, 496 F.3d at 788-89 (collecting cases); *Horne*, 474 F.3d at 1007, because Placido-Santos's 120-month sentence is double the statutory minimum he could have received if the court had held him responsible for possessing only 500 grams of cocaine, *see* § 841(b)(1)(B); *Horne*, 474 F.3d at 1007.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.