In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-2358
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

JOSEPH J. MIEDZIANOWSKI,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 1:98-cr-00923-1 — Virginia M. Kendall, Judge.
 ____________________

 ARGUED JANUARY 24, 2023 — DECIDED FEBRUARY 24, 2023
 ____________________

 Before HAMILTON, KIRSCH, and JACKSON-AKIWUMI, Circuit
Judges.
 HAMILTON, Circuit Judge. Appellant Joseph Miedzian-
owski is serving a life sentence for leading a criminal conspir-
acy while he was also working as a Chicago police oﬃcer.
Two decades after his conviction, he moved the district court
for a sentence reduction under Section 404(b) of the First Step
Act. He asserted that a reduction was justiﬁed by his post-sen-
tencing conduct, his advanced age, and what he says are
2 No. 21-2358

unwarranted disparities between his sentence and the sen-
tences of similarly situated defendants. The district court
found that defendant is legally eligible for relief but exercised
its discretion to deny a reduction based on the seriousness of
his crimes. On appeal, defendant argues that the court erred
by failing to address several of his arguments and by not giv-
ing enough weight to his arguments in mitigation. We aﬃrm.
The court suﬃciently addressed defendant’s arguments and
did not abuse its discretion by denying his motion.
I. Factual and Procedural Background
 From about 1985 to 1998, Joseph Miedzianowski—then an
oﬃcer of the Chicago Police Department—conspired to
engage in racketeering activity that included distributing
illegal drugs, extortion, money laundering, robbery,
kidnapping, and bribery. Defendant used his authority as a
police oﬃcer to promote and protect those activities. For
example, he provided co-conspirators with guns, shared
conﬁdential information such as the identities of undercover
oﬃcers, and attempted to inﬂuence the outcome of criminal
cases.
 Defendant was convicted of ten counts: conspiring to
participate in racketeering activity, 18 U.S.C. § 1962(d);
conspiring to distribute and to possess with intent to
distribute more than 5 kilograms of cocaine, more than 50
grams of cocaine base, and unspeciﬁed quantities of heroin
and marijuana, 21 U.S.C. §§ 846, 841(a)(1)(A); conspiring to
commit extortion, 18 U.S.C. § 1951; using and carrying a
ﬁrearm during and in relation to a violent or drug-traﬃcking
crime, 18 U.S.C. § 924(c); distributing cocaine and cocaine
base, 21 U.S.C. § 841(a)(1)(C); wire fraud, 18 U.S.C. § 1343;
possessing stolen ammunition, 18 U.S.C. § 922(j); possessing
No. 21-2358 3

a dangerous weapon, 26 U.S.C. § 5861(d); and possessing
cocaine with intent to distribute, 21 U.S.C. § 841(a)(1)(B) (two
counts).
 At his original sentencing, the district court adopted
sentencing guideline calculations in the presentence report,
ﬁnding that defendant’s conspiracy involved more than 150
kilograms of cocaine and 1.5 kilograms of cocaine base—
larger quantities than the 5 kilograms of cocaine and 50 grams
of cocaine base for which he was charged and convicted.
Those quantities led to a base oﬀense level of 38, plus
enhancements for defendant’s leadership role (4 levels),
abuse of a position of trust (2 levels), and obstruction of justice
(2 levels). Defendant’s total oﬀense level (46) was literally oﬀ
the chart. Even with a criminal history category of I, the
Guidelines called for life in prison.
 The late Judge Manning sentenced defendant to two terms
of life in prison for the racketeering and drug-distribution
conspiracies, see 18 U.S.C. § 1962(d); 21 U.S.C. §§ 846,
841(a)(1)(A), and to shorter terms on the remaining counts.
We aﬃrmed in United States v. Feliciano, 168 F. App’x 743 (7th
Cir. 2006).
 In 2020, defendant moved to reduce his sentence under
Section 404(b) of the First Step Act of 2018, Pub. L. No. 115–
391, 132 Stat. 5194 (2018). That law made retroactive the lower
penalties enacted in the Fair Sentencing Act, Pub. L. No. 111–
220, 124 Stat. 2372 (2010), to reduce the disparities between
sentences for crack-cocaine and powder-cocaine oﬀenses. See
Terry v. United States, 141 S. Ct. 1858, 1860 (2021).
 Motions under Section 404(b) of the First Step Act are an-
alyzed in two steps. United States v. Shaw, 957 F.3d 734, 736
4 No. 21-2358

(7th Cir. 2020). First, the district court must determine
whether the defendant is eligible for relief under the First Step
Act. A defendant is eligible, broadly speaking, if he could
have received a lower sentence under the Fair Sentencing Act
of 2010 if that Act had been in eﬀect at the time of the crimes.
Id. at 737. Second, if the defendant is legally eligible, the court
must exercise its discretion and weigh the sentencing factors
of 18 U.S.C. § 3553(a) and decide whether to reduce the sen-
tence. Id. at 736.
 The district court here found, and the government agrees,
that defendant was eligible for relief. The Fair Sentencing Act
modiﬁed the statutory penalty for the drug-distribution con-
spiracy charge against him. See Terry, 141 S. Ct. at 1862. When
defendant was sentenced for conspiring to distribute crack,
among other drugs, the charged quantity of crack triggered a
statutory range of 10 years to life. The Fair Sentencing Act re-
duced that range, prospectively, to 5 to 40 years.
 To argue that he actually deserved a reduced sentence for
which he was legally eligible, defendant cited, among other
things, his post-sentencing conduct, advanced age, and fam-
ily support. He submitted a letter apologizing for his actions,
letters of support from friends and family, and evidence of his
post-sentencing education, clean disciplinary record in
prison, employment history, and low risk of recidivism. He
also argued that his sentence was greater than those of co-de-
fendants and other police oﬃcers.
 The district court (Judge Kendall) acknowledged defend-
ant’s “positive post-sentencing disciplinary record, his age
and reduced risk of recidivism, … the emotional impact of his
continued incarceration on his family,” and his contrition for
his crimes, calling his steps to rehabilitate “admirable.” The
No. 21-2358 5

court concluded, however, that those factors did not outweigh
signiﬁcant factors that favored denial of his motion. These in-
cluded the need for general deterrence, and especially the se-
riousness of his crimes, misusing his status as a police oﬃcer
for many years by leading a conspiracy that harmed the pub-
lic, then perjuring himself, and threatening witnesses:
 Miedzianowski’s direct role in the drug and
 gang activity impacted the health and safety of
 his community, including innocent citizens
 both across the city and across the country. The
 fact that Miedzianowski was a police oﬃcer
 who swore to uphold laws and protect his com-
 munity only to trade upon the respectability
 such a position aﬀords to further commit crimes
 only heightens the brazenness of his oﬀense.
 Not to mention, even after he was caught, he en-
 gaged in perjury and threats toward witnesses
 who testiﬁed against him. Miedzianowski was
 no ordinary drug criminal.
Dkt. 1201 at 9. The court also explained that defendant’s role
in those oﬀenses earned him “higher culpability” than his co-
defendants, warranting his much heavier sentence. The court
also noted that, based on the drug quantities and enhance-
ments that were used at the original sentencing, and the cur-
rent drug quantity table, defendant’s guideline range would
still be life in prison.
II. Analysis
 On appeal defendant raises both procedural and substan-
tive issues. We review procedural challenges de novo, but we
review a district court’s diﬃcult, often intractable weighing of
6 No. 21-2358

competing factors in making substantive decisions only for a
possible abuse of discretion. See, e.g., United States v. Fowowe,
1 F.4th 522, 526 (7th Cir. 2021).
 First, defendant contends that the court made a proce-
dural error by not acknowledging his mitigating evidence of
his contrition, the letters from friends and family, the lower
sentences of others, his post-sentencing conduct, and his low
risk of recidivism.
 District courts are obliged to explain their decisions and to
show that they considered the parties’ arguments, but they
need not “articulate anything more than a brief statement of
reasons.” Concepcion v. United States, 142 S. Ct. 2389, 2404
(2022). Here the district court expressly addressed many of
these points that defendant claims it ignored. For example,
the court acknowledged defendant’s contrition, family sup-
port, age, and eﬀorts to rehabilitate, as well as his sentencing-
disparity argument. The court viewed these mitigating factors
as outweighed by the seriousness of his oﬀenses, which in-
volved an extraordinary and prolonged and damaging abuse
of public trust. The court considered adequately defendant’s
arguments in mitigation. See id.; United States v. Newbern,
51 F.4th 230, 233 (7th Cir. 2022) (“very brief” explanation for
rejecting defendant’s argument was suﬃcient).
 Defendant next contends that the district court made a
procedural error by not considering his argument that he
would face reduced statutory penalties (down from life im-
prisonment) if he were sentenced after the enactment of the
Fair Sentencing Act. In deciding a First Step Act motion, a dis-
trict court must calculate a defendant’s sentencing parameters
“as they existed during the original sentencing and as they
No. 21-2358 7

presently exist.” United States v. Corner, 967 F.3d 662, 665 (7th
Cir. 2020).
 The district court did so here when it ruled that defendant
was eligible for a sentence reduction because the statutory
penalties for his crack-cocaine oﬀenses had dropped from 10
years to life in prison down to 5 to 40 years. Defendant re-
sponds that this was not enough. He contends that the court
needed to restate his statutory ranges later in the order when
it explained its discretionary reasons for denying his motion.
 Judges are not required to repeat themselves. The court’s
order shows that the judge considered the current statutory
ranges for both of defendant’s cocaine convictions. See United
States v. Sanchez, 989 F.3d 523, 540 (7th Cir. 2021) (sentencing
decisions reviewed in context). Moreover, defendant’s life
sentences were for multi-drug convictions involving crack co-
caine, powder cocaine, and other drugs. The Fair Sentencing
Act had no impact on penalties for conspiring to possess and
distribute powder cocaine. See 21 U.S.C. §§ 846, 841(a)(1)(A).
Thus, even under the First Step Act, defendant’s crimes
would still be eligible for a life sentence, and the district court
accurately noted that fact.
 In his next procedural argument, defendant contests the
guideline range that the district court used. He points out that
today the law requires that facts that increase a statutory max-
imum or minimum sentence be either admitted or submitted
to a jury and proven beyond a reasonable doubt. From this
premise, he argues that the court should have calculated his
new guideline range using the charged drug quantities de-
cided by the jury rather than the actual drug quantities and
enhancements used in calculating his guideline range for his
8 No. 21-2358

original sentencing. He claims the smaller charged drug
quantities would lower his base oﬀense level from 36 to 30.
 The district court did not err. Defendant’s argument re-
ﬂects a fundamental misunderstanding of the Apprendi and
Alleyne line of cases. Only facts increasing mandatory maxi-
mums and minimums must be submitted to the jury. See Ap-
prendi v. New Jersey, 530 U.S. 466, 490 (2000) (statutory maxi-
mums); United States v. Alleyne, 570 U.S. 99, 103 (2013) (statu-
tory minimums). The federal Sentencing Guidelines are no
longer mandatory. United States v. Booker, 543 U.S. 220, 245–46
(2005). Since the Guidelines became advisory in Booker, dis-
trict judges have continued to be permitted to make their own
factual ﬁndings that increase a guideline range. United States
v. Robinson, 435 F.3d 699, 701–02 (7th Cir. 2006).
 The original sentencing judge in defendant’s case made
ﬁndings to determine his guideline range. The judge review-
ing his First Step Act motion was entitled to adopt those ﬁnd-
ings. See Newbern, 51 F.4th at 233. Defendant oﬀers no good
reason why the court should have recalculated the guideline
range using the statutory quantities used in the indictment.
These quantities are determined for diﬀerent purposes using
diﬀerent procedures. They should not be confused. Similarly,
defendant oﬀers no support for his contention that the district
court should have made its own separate factual ﬁndings at
this stage. The First Step Act does not require the government
to re-litigate guideline issues years and even decades after the
original sentencing. When an argument is not “relevant and
probative” to a court’s review of a First Step Act motion, it
does not require discussion. Concepcion, 142 S. Ct. at 2403–04.
 Defendant next makes a substantive argument that we re-
view for an abuse of discretion. He argues that the court
No. 21-2358 9

undervalued his mitigating evidence. The court explained
what it considered to be aggravating and mitigating factors,
including the need for general deterrence, defendant’s lead-
ership role in the conspiracy, the long period of his criminal
activity, his abuse of power as a police oﬃcer, his regret, the
eﬀect his incarceration has on his family, and his age. After
balancing all these competing factors, the court reasonably
determined that they weighed against a sentence reduction.
A defendant might wish that the district court had weighed
the competing factors diﬀerently, but “[s]uch a thorough re-
view of the relevant information is simply not an abuse of dis-
cretion.” United States v. Clay, 50 F.4th 608, 613–14 (7th Cir.
2022).
 Finally, defendant contends that the district court incor-
rectly analyzed the disparity between his sentence and the
lower sentences received by other defendants who had more
extensive criminal backgrounds. There was no abuse of dis-
cretion here. Defendant’s sentence was within the guideline
range, and the Guidelines inherently address disparities
among defendants. Id. at 612–13; Sanchez, 989 F.3d at 541. The
Guidelines also call upon district courts “to avoid only un-
warranted disparities.” United States v. Moore, 50 F.4th 597,
606 (7th Cir. 2022). The court explained here that defendant’s
actions warranted a longer sentence because he had “higher
culpability” as the leader of the conspiracy.
 Defendant’s comparison with his police-oﬃcer co-defend-
ant—who pleaded guilty—fares no better. Defendant was not
similarly situated because he went to trial and did not
acknowledge his wrongdoing. Defendant also oﬀers no de-
tailed or persuasive reason to support his argument that his
sentence should be comparable to the average sentence of
10 No. 21-2358

other police oﬃcers, where the misconduct is highly varied.
The district court did not abuse its discretion when address-
ing potential sentence disparities. See id.
 One ﬁnal note regarding appellate advocacy. Defendant’s
counsel implied quite clearly in her reply brief that she
thought the judge who ruled on this motion was biased.
Counsel wrote: “As a former prosecutor for the U.S. Attor-
ney's oﬃce, and citing to the unsupported arguments of the
prosecution, the district court focused on defendant’s past
conduct as the prosecution portrayed it.” When asked about
the point at oral argument, counsel asserted that she believed
that evidence of bias may be based solely on a judge’s prior
employment as a federal prosecutor and acceptance of the
government’s arguments. This view is frivolous, see 28 U.S.C.
§ 455; Liteky v. United States, 510 U.S. 540, 555 (1994), and its
assertion as a ground for appeal was entirely oﬀ-base. Noth-
ing in this record even hints at judicial bias. It was defendant
who built his record of unusually prolonged and serious
crimes committed by abusing his position as a police oﬃcer.
The district judge showed her fairness and lack of bias
throughout these proceedings.
 The district court’s denial of defendant Miedzianowski’s
motion for a sentence reduction is AFFIRMED.