In the

# United States Court of Appeals
### For the Seventh Circuit

No. 06-1546

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALFRED McGOWAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 280—**James B. Zagel**, *Judge.*

ARGUED NOVEMBER 30, 2006—DECIDED FEBRUARY 28, 2007

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Alfred McGowan appeals the 132-month sentence he received following his conviction for two counts of distributing cocaine. The two counts involved small, controlled-buy sales of cocaine to a woman named Christine Beu. The first sale, involving 7.2 grams, was on February 3, 2003. The second, which involved 4.9 grams, went down a month later, on March 3.[1]

McGowan was originally charged with conspiracy to distribute cocaine, three counts of distributing cocaine, and

---

[1] We have used the dates in the briefs. The indictment says the sales took place on February 6 and March 6 of 2003.

unlawful possession of a firearm. The firearm charge was dismissed and, following a jury trial, he was convicted on the conspiracy count and two of the three distribution counts. After the trial, the district judge granted McGowan's motion for judgment of acquittal on the conspiracy count.

On the charges upon which he was convicted, McGowan's base offense level under the sentencing guidelines was 12. Given his criminal history category as determined by the judge, that yielded a sentencing range of 27 to 33 months. But, relying on a ton of perceived "relevant conduct," the judge concluded that the proper offense level was 26. This finding jacked up McGowan's guideline range to 110 to 137 months. McGowan contends on appeal that the judge's reliance on way too much "relevant conduct" constituted clear error.

McGowan was one of 10 defendants originally charged in the conspiracy count in this case. But he went to trial by his lonesome. And for the most part, the trial focused on the conspiracy count which alleged that McGowan and the others (many, according to the indictment, with colorful nicknames: "Teddy Bear," "Chivo," "Bubba," "Baby," "Trepid," and "Nose") conspired with a fellow named Juan Corral to distribute huge amounts of powder and crack cocaine. Corral himself testified that he sold varying amounts of cocaine to McGowan roughly every 2 to 3 weeks between March of 2001 and June of 2002. Corral testified that McGowan, especially at first, wasn't a regular customer: he would disappear for months at a time. But at some point, McGowan said he would have to "start coming back regular" because "my people don't wanna deal with nobody but you." If believed, Corral easily sold McGowan much more than 500 grams of cocaine (the amount necessary for earning a spot in level 26 of the guidelines). But it must be remem-

bered that this activity ended sometime before June 24, 2002, when Corral was put out of business by the government.

Having briefly recounted this evidence, it is not difficult to imagine why the jury concluded, beyond a reasonable doubt, that McGowan was guilty on the conspiracy count as charged. And that conclusion presents two questions: Why did the district judge kick the conviction on McGowan's motion after the trial,[2] and why didn't the government cross-appeal and seek reinstatement of the jury's verdict? But on to the issue before us.

The two sales to Beu involved only 12.1 grams of cocaine. Yet, in a clear tail-wagging-the-dog situation, relying primarily on his alleged dealings with Corral, McGowan's "relevant" conduct was found to be at least 489 grams more. This result is problematic on the basis of the record as we see it.

Relevant conduct can be used to enhance a defendant's sentence if it is part of the same course of action or common scheme or plan that gave rise to the defendant's conviction. Relevant conduct must be established by a preponderance of the evidence. *United States v. Johnson*, 342 F.3d 731, 733 (7th Cir. 2003); *United States v. Ofcky*, 237 F.3d 904, 907 (7th Cir. 2001). Courts look for "a strong relationship between the uncharged conduct and the convicted offense, focusing on whether the government has demonstrated a significant 'similarity, regularity and temporal proximity.'" *United States v. Ortiz*, 431 F.3d 1035, 1040 (7th Cir. 2005) (citations omitted). And con-

---

[2] Apparently, the judge was convinced that McGowan's activities with Corral were only a buyer-seller arrangement, not conspiratorial activities. The jury, however, although instructed on the buyer-seller defense, apparently didn't buy it.

duct for which the defendant has been acquitted can be considered, but only if it is part of the same course of conduct or common scheme or plan. *United States v. Masters*, 978 F.2d 281, 285 (7th Cir. 1992); *United States v. Duarte*, 950 F.2d 1255, 1263 (7th Cir. 1991).

We cannot conclude that the government met its burden here. There is an 8-month gap between McGowan's last dealings with Corral in June of 2002 and the specific sales he made to Beu in February and March of 2003. This gap is long enough to cast doubt on the relevance of the earlier conduct. *See United States v. Ortiz*, 431 F.3d at 1041; *United States v. Sykes*, 7 F.3d 1331, 1337 (7th Cir. 1993). And without temporal proximity on its side, "the government needs a stronger showing regarding the other course of conduct factors, such as regularity or similarity of acts." *Ortiz*, 431 F.3d at 1041. The government did not make this showing. The amounts of cocaine in the Corral and Beu transactions don't match up—McGowan (again, if Corral is believed) irregularly purchased relatively large amounts of cocaine from Corral but sold only small amounts to Beu. He purchased from Corral in Aurora but sold to Beu in Chicago. *See United States v. Bullock*, 454 F.3d 637, 641 (7th Cir. 2006) (insufficient showing that cocaine transactions taking place 2 miles away and 2 years after the charged conspiracy were relevant conduct). In fact, the government (through the prosecutor, AUSA Lawrence Beaumont) conceded at the sentencing hearing that the purchases from Corral were not part of the course of conduct that led to McGowan's distribution charges:

> Mr. Corral was arrested on June 24, 2002. Obviously, the conspiracy at that point ended, and Mr. McGowan then got his cocaine from somewhere else. The three purchases—I guess there were two, because he was found not guilty on the other one—the two purchases

that Christine Beu testified about, the course of that cocaine was a different course.[3]

Nevertheless, perhaps relying on a presentence report (which in turn relied heavily on Corral) that was prepared prior to the dismissal of the conspiracy charge, the district judge landed in level 26, just as the report had urged. But the fact that a defendant engages in other drug transactions is not, standing alone, sufficient justification for treating those transactions as part of the same course of conduct or common scheme or plan when making a relevant conduct determination. *Bullock*, 454 F.3d at 641; *United States v. Crockett*, 82 F.3d 722, 730 (7th Cir. 1996).

This is especially true here because the judge did not have all that much faith in Corral's testimony, particularly regarding the large amounts of cocaine he claimed to have handled: "I don't believe you can rely on Corral's estimates of totals, which his own past and Mr. Cutrone's cross-examination revealed to me at best shirttail estimates, and estimates which were further, in my view, unreliable because he supplied a lot of people." Nor did he make any independent findings connecting McGowan's alleged purchases from Corral with the Beu sales for which he was convicted. *See United States v. Bacallao*, 149 F.3d 717, 721 (7th Cir. 1998). For these reasons, the rather significant enhancement based on relevant conduct on this record cannot stand. That said, we place no limits on the factors that can be considered on remand. Certainly more dealings with Ms. Beu can be considered, as can other evidence closer in time to February and March of 2003.

---

[3] We think the reference to "course" in this quote was a court reporter error as the AUSA, rather obviously, must have said "source."

For these reasons, we VACATE the sentence imposed on Mr. McGowan and REMAND the case to the district court for resentencing.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*