**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 27, 2009
Decided May 28, 2009

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1189

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 06-20020-03 |
| | |
| RONNIE E. BLOUNT, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Chief Judge*. |

**O R D E R**

Ronnie Blount was sentenced to 360 months' imprisonment and 10 years' supervised release after a jury found him guilty of possession with the intent to distribute and conspiring to distribute cocaine and crack.  *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).  Blount filed a notice of appeal, but his appointed counsel have moved to withdraw because they cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Blount has not accepted our invitation to comment on counsel's motion.  *See* CIR. R.

51(b).  Our review is confined to the potential issues identified in counsel's supporting brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At trial Lieutenant Jeffrey Blair testified that he pulled over an Enterprise Rent-A-Car pickup truck after observing the driver speeding and not wearing a seatbelt.  The driver identified herself as Natasha Johnson, but the registration, obtained from the glove compartment by the male passenger, identified the truck's renter as Ramona Harper, with "no other driver permitted."  Blair contacted Enterprise, which told him to take possession of the truck and have it towed.  When the tow truck arrived, Blair called for backup and had the state trooper, Eric Shay, escort the driver and passenger into his squad car.  During an inventory search of the truck, Blair discovered a plastic bag containing a white substance that appeared to be crack.  After finding another plastic bag and confirming the contents with Shay, the officers immediately arrested the driver and passenger.  Shay and Blair both testified that the passenger was in fact Blount.

After the government rested and Blount exercised his right to remain silent without presenting any evidence, the jury returned a guilty verdict on both counts.  The court, relying on the presentence report, calculated a guidelines imprisonment range of 360 months to life based on a total offense level of 40 and a criminal history category of IV.  At sentencing the government recommended a sentence at the bottom of the guidelines range.  Blount, in turn, argued that he should be sentenced to the statutory minimum—240 months' imprisonment—based on his minor criminal history.  The court ultimately agreed with the government, sentencing Blount to 360 months' imprisonment and 10 years' supervised release on each count, to be served concurrently.

In their *Anders* submission counsel first consider challenging the search and seizure on Fourth Amendment grounds but conclude that it would be frivolous.  We agree.  Blair had probable cause to stop the pickup truck when he observed it speeding and the driver not wearing a seatbelt.  *See Whren v. United States*, 517 U.S. 806, 809-10 (1996); *Phelan v. Village of Lyons*, 531 F.3d 484, 488 (7th Cir. 2008).  Further, Blount lacked a protected Fourth Amendment interest that might have allowed him to challenge the search and seizure because he neither owned nor rented the truck.  *See, e.g., United States v. Figueroa-Espana*, 511 F.3d 696, 703-04 (7th Cir. 2007); *United States v. Haywood*, 324 F.3d 514, 515-16 (7th Cir. 2003).  Thus, the district court did not plainly err in admitting the evidence.

Counsel next contemplate whether Blount could challenge the court's admission of his co-conspirators' testimony under the exception to the hearsay rule for statements made by co-conspirators.  Under this exception, such testimony is admissible if the government proves by a preponderance of the evidence that the defendant and the co-conspirators were in a conspiracy and that the statements were made during and in furtherance of the

conspiracy. *See* FED. R. EVID. 801(d)(2)(E); *United States v. Prieto*, 549 F.3d 513, 524 (7th Cir. 2008). Here, the district court conducted a pretrial hearing to ensure that the government could establish a foundation for admission of the proffered statements. *See United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). In doing so, the court conditionally admitted the statements, without objection, subject to the government eventually proving the underlying conspiracy. *See, e.g.*, *United States v. Bolivar*, 532 F.3d 599, 605 (7th Cir. 2008).

The district court was correct to admit the co-conspirators' testimony under Rule 801(d)(2)(E). At trial all of the co-conspirators testified as to the existence of the conspiracy with Blount and the conversations they had with him regarding the drug runs. *See* FED. R. EVID. 801(d)(2)(E); *Prieto*, 549 F.3d at 524. Carl Dickerson, for instance, testified that he had been selling drugs with Blount for almost a year and estimated that Blount had made about 30 trips for him. Likewise, Johnson stated that Blount paid her $100 to drive him to Chicago to pick up the drugs on five occasions. As such, any contention that it was plainly erroneous to admit the co-conspirators' statements would be frivolous.

Counsel also contemplate whether Blount could argue that there was insufficient evidence for the jury to find him guilty. To convict under the first count, 21 U.S.C. § 846, the government need only present substantial evidence that the defendant (1) knew of the conspiracy's illegal objective and (2) agreed to participate. *United States v. Rollins*, 544 F.3d 820, 835 (7th Cir. 2008). The government's evidence was more than sufficient. Dickerson testified that he and Blount had been working together for almost a year and that Blount made about 30 trips on his behalf to purchase cocaine and crack. Dickerson's testimony was corroborated by Johnson and Cedric Applewhite, who together accompanied Blount on nine separate trips and saw him purchase the drugs. The government, in turn, offered evidence that it arrested him on one such trip with Johnson and found multiple bags of crack in the car.

To prove a violation of the second count, 21 U.S.C. § 841(a)(1), the government must establish that (1) Blount knowingly or intentionally possessed the cocaine and crack; (2) he possessed the drugs with intent to distribute them; and (3) he knew they were a controlled substance. *See United States v. Campbell*, 534 F.3d 599, 605 (7th Cir. 2008). We agree that the government presented sufficient evidence for a rational juror to find Blount guilty on this count: the two officers testified that they arrested Blount while he was delivering large amounts of cocaine and crack; Dickerson testified that on about 30 occasions he sent Blount to pick up one to two kilograms of cocaine or crack; Johnson testified that she drove Blount on five occasions to pick up the drugs; and the government offered evidence that the substances were, in fact, cocaine and crack.

Counsel next consider two possible challenges to the court's guidelines calculations. First, they contemplate whether the court's relevant conduct finding regarding the drug

amount was clear error.  "Relevant conduct can be used to enhance a defendant's sentence if it is part of the same course of action or common scheme or plan that gave rise to the defendant's conviction." *United States v. McGowan*, 478 F.3d 800, 802 (7th Cir. 2007); U.S.S.G. § 1B1.3.  The district court did not clearly err in finding Blount responsible for the amount of drugs he transported on behalf of Dickerson.  The government had presented substantial evidence that a conspiracy between Blount and Dickerson to distribute cocaine and crack existed for nearly a year.  Moreover, Dickerson admitted that he typically bought between one and two kilograms of drugs from a supplier who gave them to Blount.  The court therefore reasonably relied on the probation officer's conclusion, based on only twelve drug runs (Dickerson in fact testified that Blount made "maybe about 30" such trips), that Blount had transported 13.6 kilograms of crack.

Second, counsel ask whether Blount could argue that the court erred in applying a two-level increase for his leadership role in the charged conspiracy, but this too would be frivolous.  The guidelines provide for a two-level increase if the defendant was an organizer, leader, manager, or supervisor in any criminal activity.  U.S.S.G. § 3B1.1(c).  As the court found, Blount recruited Johnson and Applewhite to drive him on the trips on nearly a dozen occasions, had decision-making authority over the transportation of the drugs, controlled the drug money for significant periods of time while in transport, and organized the trips.  Such coordinating activities made Blount the quintessential organizer or supervisor.  *See, e.g.*, *United States v. Martinez*, 520 F.3d 749, 752 (7th Cir. 2008).

Counsel last consider whether Blount could challenge the reasonableness of his 360-month sentence—a term at the very bottom of the guidelines range—but conclude that any such argument would be frivolous.  We agree.  A sentence within a properly calculated guidelines range is presumptively reasonable.  *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009).  The district court properly justified its within-guidelines sentence with reasons that adhered to the relevant considerations under 18 U.S.C. § 3553(a), including Blount's supervisory role, his extensive criminal history, the seriousness of the charges, and his failure to take responsibility for the charged crimes.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.