NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 13, 2012
Decided July 2, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-1220 | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | |
| | No. 3:11cr10-001 |
| *v.* | |
| JAMES KEVIN TAYLOR,<br>*Defendant-Appellant.* | Jon E. DeGuilio,<br>*Judge.* |

**O R D E R**

James Taylor pleaded guilty to two counts of falsifying a Firearms Transaction Record, 18 U.S.C. § 922(a)(6), and the district court sentenced him to a total of 70 months' imprisonment, the bottom of his guidelines range. In calculating that range, the court found that Taylor used a gun to commit another crime—felony battery by pistol-whipping his half-brother—and applied a cross-reference, U.S.S.G. § 2K2.1(c)(1)(A), to the offense guideline for aggravated assault, *id*. § 2A2.2. Taylor argues on appeal that because the battery is not alleged in the § 922(a)(6) indictment, the court applied the cross-reference in violation of the Indictment Clause of the Fifth Amendment. But that clause does not require the government to charge sentencing factors in the indictment. Accordingly, we affirm the judgment of the district court.

Taylor was using heroin on a daily basis when he twice bought firearms from Midwest Gun Exchange in Mishawaka, Indiana, in March 2009. Each time he represented on a Firearms Transaction Record, ATF Form 4473, that he was not an unlawful user of controlled substances, which enabled him to buy a semiautomatic pistol and a rifle. Later that year Taylor was involved in a dispute with his half-brother; according to the presentence investigation report, Taylor hit his half-brother in the head with a gun—thought to be a semiautomatic pistol—and then held the gun to his head. As a result, state prosecutors charged Taylor with unlawfully carrying a gun, IND. CODE § 35-47-2-1, and battery, *id*. § 35-42-2-1, both misdemeanors. Federal investigators interviewed Taylor in August 2010 (the reason is not disclosed in the record), and he admitted having used heroin regularly for three years. Taylor also told the investigators that he had purchased ten guns from Midwest Gun Exchange, which led the investigators to the false forms. Taylor was charged in a two-count indictment and pleaded guilty without the benefit of a plea agreement.

A probation officer calculated Taylor's total offense level at 12, which combined with a criminal history category of III, yielded an imprisonment range of 15 to 21 months. The probation officer considered applying a 4-level increase to Taylor's offense level under U.S.S.G. § 2K2.1(b)(6)(B) for the use or possession of "any firearm or ammunition in connection with another felony offense." But the probation officer decided that this upward adjustment did not apply because state prosecutors had charged Taylor only with misdemeanors based on the incident with his half-brother. The government objected and pointed out that Application Note 14(C) to § 2K2.1 provides that the increase for using a gun in connection with another felony offense applies "regardless of whether a criminal charge was brought, or a conviction obtained." Taylor opposed applying the adjustment on multiple grounds, including that the application note violates the Fifth and Sixth Amendments because, he contended, "the elements of 'another felony' [must be] charged and proved beyond a reasonable doubt in a proceeding which affords defendant the full spectrum of rights and safeguards." After considering the parties' competing views, the district court reasoned that if subsection (b)(6)(B) applied, so too would the cross-reference found in § 2K2.1(c)(1)(A). That subsection provides that if a defendant used a firearm in connection with another offense—even if not a felony—the court must apply § 2X1.1 with respect to the other offense if doing so would result in a greater offense level. And § 2X1.1(a) directs the sentencing court to apply the "base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." *See United States v. Samuels*, 521 F.3d 804, 808, 815 (7th Cir. 2008) (upholding use of § 2K2.1(c)(1)(A)'s cross-reference to apply offense guideline for aggravated assault to defendant convicted of aiding and abetting possession of firearm by felon).

The district court then received evidence on the application of the cross-reference. After five witnesses testified, including Taylor and his half-brother, the court issued its tentative guidelines rulings, giving the parties an opportunity to object. The court concluded that it was proper to apply the upward adjustment *or* to use the cross-reference to the aggravated-assault guideline, U.S.S.G. § 2A2.2, and ordered the probation officer to determine which approach would yield the higher offense level. The probation officer calculated Taylor's offense level under the aggravated-assault guideline at 25, which was higher than the level under the firearm guideline. The reason for the difference is that the aggravated-assault guideline includes a 4-level increase for using a dangerous weapon, *see id*. § 2A2.2(b)(2)(B), and a 5-level increase for causing serious bodily injury to another, *see id*. § 2A2.2(b)(3)(B). Taylor's imprisonment range was now 70 to 87 months. The court rejected Taylor's objections to the revised calculations and sentenced him at the low end of that range.

On appeal Taylor's sole contention is that applying the cross-reference in § 2K2.1(c)(1)(A)—and thus basing his guidelines range on the aggravated assault—violated the Indictment Clause of the Fifth Amendment because the battery is not alleged in the § 922(a)(6) indictment. This argument, coming seven years after *United States v. Booker*, 543 U.S. 220 (2005), is frivolous. Taylor relies on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). That decision holds that any fact, other than a prior conviction, which increases a statutory maximum (and with it the defendant's sentence) must be presented to a jury and proved beyond a reasonable doubt. But Taylor was sentenced below the 10-year statutory maximum. *See* 18 U.S.C. § 924(a)(2). His sentence was affected by the application of the sentencing guidelines, but *Booker* put to rest any contention that guidelines adjustments must be alleged in an indictment or proved beyond a reasonable doubt. *See, e.g.*, *United States v. Waltower*, 643 F.3d 572, 577 (7th Cir. 2011); *United States v. Krieger*, 628 F.3d 857, 863 (7th Cir. 2010); *United States v. Ashqar*, 582 F.3d 819, 824 (7th Cir. 2009). Even before *Apprendi*, the Supreme Court had made clear that an indictment must set forth each element of the charged crime, but not factors relevant only to the sentencing. *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *see Julian v. Bartley*, 495 F.3d 487, 496–97 (7th Cir. 2007). That rule was not altered by *Apprendi* or *Booker*; the Indictment Clause does not require that factors affecting the guidelines range be alleged in the indictment. *United States v. Abdulahi*, 523 F.3d 757, 760–61 (7th Cir. 2008) (concluding that Indictment Clause does not require that drug quantity be alleged in indictment); *United States v. Thomas*, 446 F.3d 1348, 1355 (11th Cir. 2006) (concluding that Indictment Clause does not require that facts used to increase defendant's guidelines range be found by grand jury and charged in indictment).

**AFFIRMED**.