NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 14, 2013
Decided March 14, 2013

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JAMES B. ZAGEL, *District Judge**

| | |
|---|---|
| No. 12-1358 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Eastern District of |
| *Plaintiff-Appellee,* | Wisconsin. |
| | |
| *v.* | No. 09-CR-254 |
| | |
| FRANWAN D. MATHIS, | Charles N. Clevert, Jr., |
| *Defendant-Appellant.* | *Judge.* |

**ORDER**

Franwan Mathis pled guilty to one count of conspiring to distribute substances containing cocaine and crack cocaine. He seeks on appeal to vacate his plea on the basis that he was not properly advised of the statutory maximum for his crime as required by Federal Rule of Criminal Procedure 11. The Assistant United States Attorney informed Mathis at sentencing that he faced a forty-year maximum term of imprisonment. Although the initial charge in the

---

*Of the United States District Court for the Northern District of Illinois, sitting by designation.

indictment carried a higher statutory maximum, forty years was in fact the maximum sentence Mathis could receive in this case for the crime to which he pled guilty, 21 U.S.C. § 841(a)(1)(B). We therefore affirm Mathis's conviction.

## I. BACKGROUND

An indictment charged Franwan Mathis with conspiring to distribute five kilograms or more of a substance containing cocaine and fifty grams or more of a substance containing crack cocaine, in violation of 21 U.S.C. § § 841(b)(1)(A) and 846. On February 18, 2011, Mathis filed a Statement of Intent to Enter "Blind Plea." The Statement acknowledged that Mathis participated in a conspiracy that sold cocaine, cocaine base, and marijuana. It noted the government's position that Mathis's relevant conduct involved at least five kilograms but less than fifteen kilograms of crack cocaine, but it denied that Mathis was responsible for that amount. The submission further correctly noted that the penalty for a violation of 21 U.S.C. § 841(b)(1)(A) was a mandatory minimum of ten years' imprisonment with a maximum term of life in prison.

On February 22, 2011, the government filed a one-count information. The information alleged the same conspiracy but charged Mathis under 21 U.S.C. § 841(b)(1)(B) rather than 21 U.S.C. § 841(b)(1)(A), and now alleged he was responsible for 500 grams or more of a substance containing cocaine and 28 grams or more of a substance containing crack cocaine. That day, Mathis waived prosecution by indictment, and the district court held a change of plea hearing. One of the Assistant United States Attorney's first statements at the hearing was: "Well Judge, first to make clear for Mr. Mathis, although I had some chance to talk with counsel before we went on the record, the penalties are different for the information. If convicted, the mandatory minimum is five years with a maximum of 40 years in prison." As to the relevant conduct dispute, the prosecutor stated that the government intended to prove at sentencing that Mathis was responsible for at least 5 kilograms of cocaine or at least 280 grams of a substance containing crack cocaine. For this amount of relevant conduct, the prosecutor stated, "while the upper ends of the penalty will remain 40 years, the minimum could actually rise to ten years." After concluding the Rule 11 plea colloquy, the district court accepted Mathis's plea of guilty to one count of violating 21 U.S.C. § 841(b)(1)(B).

The Presentence Report stated that the statutory maximum term of imprisonment for Mathis's conviction was forty years. At the sentencing hearing on February 7, 2012, the district court calculated an advisory guidelines range of 151-188 months and imposed a sentence of 146 months' imprisonment. Mathis appeals.

## II. ANALYSIS

The only question on appeal is whether Mathis should be allowed to vacate his guilty plea on the basis that he was not adequately advised of the statutory maximum for his crime. Because Mathis did not raise this issue before the district court, our review is for plain error. *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). For him to succeed on plain error review, we must find that an error affected Mathis's substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See id.* at 771; *United States v. Olano*, 507 U.S. 725, 732 (1993).

Before accepting a guilty plea, Federal Rule of Criminal Procedure 11(b)(1)(H) requires that the district court inform the defendant, and determine that the defendant understands, "any maximum possible penalty, including imprisonment, fine, and a term of supervised release." Mathis argues in his brief that he was not properly advised at the change of plea hearing of the maximum possible term of imprisonment that he faced. He emphasizes that at the change of plea hearing, the government twice stated that Mathis faced a maximum term of forty years. Mathis suggests that if the government had later proven at the sentencing hearing that he was responsible for at least five kilograms of cocaine, he would have faced a maximum term of life imprisonment. Therefore, Mathis argues that he did not enter his guilty plea knowingly and voluntarily, reasoning that in general, the more time in prison a defendant is facing, the less likely it is that the defendant will enter a guilty plea.

But the government's statement of the statutory maximum was correct. The charge to which Mathis pled, 21 U.S.C. § 841(b)(1)(B), carried a statutory maximum penalty of forty years' imprisonment, not life, in this case. (Note that the government did not file a 21 U.S.C. § 851(a)(1) notice of intent to seek increased punishment on the basis of a prior conviction. *Cf. United States v. LaBonte*, 520 U.S. 751, 754 n.1 (1997)). It is true that the charge in the initial indictment, 21 U.S.C. § 841(b)(1)(A), would have carried a maximum term of life imprisonment. But the charge in the information to which Mathis pled, 21 U.S.C. § 841(b)(1)(B), carried a forty-year maximum term. And although the drug quantity for which he was responsible would not be determined until the sentencing hearing, the Supreme Court's decision in *Apprendi v. New Jersey*, 520 U.S. 466 (2000), means that a drug amount that raises the statutory maximum must be alleged in the indictment and admitted by the defendant or found by a jury beyond a reasonable doubt. *See United States v. Nance*, 236 F.3d 820, 825 (7th Cir. 2000); *see also United States v. Abdulahi*, 523 F.3d 757, 760 (7th Cir. 2008); *United States v. Brough*, 243 F.3d 1078, 1079 (7th Cir. 2001).

Here, Mathis pled guilty to a violation of 21 U.S.C. § 841(b)(1)(B). Mathis admitted when he pled guilty that his conduct involved at least 500 grams of cocaine and 28 grams of crack cocaine. The information did not charge, and Mathis did not admit to, the higher drug quantity of 5-15 kilograms found by the district court at sentencing. Under *Apprendi*, therefore, Mathis could not receive a sentence greater than the statutory maximum penalty of forty years set forth in 21 U.S.C. § 841(b)(1)(B). That is, no matter how the district court calculated Mathis's

drug quantity at sentencing, it could not have sentenced Mathis to life imprisonment because that would be a greater term than the statutory maximum allowed by 21 U.S.C. § 841(b)(1)(B). So Mathis was properly advised at the change of plea hearing that he faced a maximum term of forty years' imprisonment.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.