**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022
Decided February 7, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-3506

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:19-CR-40085-JPG-13 |
| TERRY TURNER, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Terry Turner pleaded guilty to distributing and conspiring to distribute methamphetamine. 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced him to 10 years in prison—the statutory minimum—after denying his motion for a lower sentence under the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). Turner appeals, but his appointed counsel believes that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738 (1967). Turner did not respond to counsel's motion, see CIR. R. 51(b), but he attached to his notice of appeal a letter identifying the arguments that he seeks to make. Because counsel's brief appears to address thoroughly the primary issue that Turner wishes to raise, we limit

our review to the matters addressed in the brief and Turner's letter. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that he consulted with Turner, and Turner does not want to withdraw his plea. Counsel therefore appropriately considers only potential challenges to Turner's sentence. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

At sentencing, the parties discussed Turner's eligibility for the safety valve, which allows a court to sentence certain low-level offenders below the statutory minimum. The court determined that Turner met all the criteria but one: that the defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense … ." § 3553(f)(5); § 5C1.2(a)(5). Turner provided no information to the government beyond the admissions in his plea agreement. Turner told the district court that he had nothing more to provide: the government already knew about his involvement in the offense—otherwise it could not have indicted him—and by pleading guilty he confirmed the accuracy of its information. But, as counsel observes, prosecutors asked Turner for undisclosed details about his relationship with his buyer, and counsel told Turner that to qualify for relief Turner needed at least to meet with a prosecutor on the subject. Counsel offered to arrange the meeting, but Turner declined.

We agree with counsel that Turner could not reasonably challenge the denial of safety-valve relief. We would review that ruling for clear error, *United States v. Collins*, 924 F.3d 436, 441 (7th Cir. 2019), and no clear error arguably occurred. Beyond his admission of guilt—which by itself does not qualify him for safety-valve relief—Turner rebuffed the government's request to confer about supplying more information. See *United States v. Arrington*, 73 F.3d 144, 148 (7th Cir. 1996). Turner had to "demonstrate to the court that he ha[d] made a good faith attempt to cooperate with authorities." *United States v. Ramirez*, 94 F.3d 1095, 1102 (7th Cir. 1996) (internal quotation omitted). Because he refused even to meet with authorities, he could not plausibly argue that the district court clearly erred in finding that he made no good-faith effort to cooperate.

Finally, we construe Turner's letter to argue that the court committed two procedural errors at sentencing, but both arguments are frivolous. First, Turner argues that the court erred at sentencing by basing his guidelines range on a quantity of methamphetamine greater than that alleged in the indictment. He is mistaken: A

sentencing court is generally not constrained by the drug quantities specified in the indictment. *United States v. Abdulahi*, 523 F.3d 757, 760 (7th Cir. 2008). The one exception to that rule—that judge-determined drug quantities may not be used to increase a statutory maximum—is inapplicable here, because the statutory maximum was not raised. See *id.* Second, Turner asserts that the court should have reduced his sentence based on the sentencing factors in 18 U.S.C. § 3553(a). But he does not say which factor received inadequate consideration, and we see no deficiencies in the court's analysis, which balanced the factors in mitigation (such as Turner's health) against his offense and history. Moreover, any error related to the Guidelines or the § 3553(a) factors would be harmless because Turner received the statutory minimum sentence.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.